## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **VON V. CARR,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | **Jury Demanded** |
| **TESCO CORPORATION,** | § | |
| **Defendant.** | § | |

## PLAINTIFF, VON V. CARR'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Von V. Carr, hereinafter called Plaintiff, complaining of and about TESCO Corporation, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.      Plaintiff Von V. Carr, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.      Defendant TESCO Corporation may be served by serving CT CORPORATION SYSTEM, its agent authorized to accept service at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### JURISDICTION

3.      The action arises under 42 U.S.C. Section 2000e et seq. as hereinafter more fully appears.

### NATURE OF ACTION

4.      This is an action under Title 42 U.S.C. Section 2000e et. seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation.

**CONDITIONS PRECEDENT**

5.      All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein.  *See Exhibit A the Charge of Discrimination which is referenced and incorporated herein.*  Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.  *See attached Exhibit A the right to sue letter which is referenced and incorporated herein.*

**FACTS**

6.      On or around September 9, 2010, Plaintiff began to be subjected to a racially hostile work environment. Respondent is an oil and gas equipment manufacturer. Plaintiff worked as a Top Drive Technician.

7.      Early in 2011, Don Hacker, a Supervisor of Top Drive, blamed Plaintiff for a mistake that Curtis England, a white male Top Drive Technician, made.  Plaintiff went to human resources and complained about a hostile work environment.  Mr. Hacker was removed.

8.      Thereafter, Bill Vanderende, Head of Scheduling, and Lou Balderas, Supervisor who replaced Hacker, then began conspiring to get the Plaintiff fired.  When Plaintiff was two minutes late to a safety meeting, Mr. Vanderende gave Plaintiff a written reprimand.  The written reprimand was rescinded after Plaintiff complained to human resources about the reprimand.

9.      On July 1, 2011, Mr. Balderas wrote Plaintiff up for not getting a post jar inspection done on the top drive. However, he did not reprimand Cody Brawley, a white male

top drive technician, for the same infraction.  On or around August 5, 2011, Mr. Balderas wrote Plaintiff up for not leaving the job site when relief arrived.  However, Plaintiff only went back to the jobsite after he received an email invoice which needed to be signed by the client in order for the Defendant to get paid for the work done.

10.     On August 13, 2011, Mr. Balderas sent Plaintiff to Lovings, New Mexico.  Upon Plaintiff's arrival he was informed that the rig had damage to the hydraulic hose on the real and the 37 pen and he would need to do a "preload inspection."  After Plaintiff worked for approximately 28 hours to get the work done as quickly and safely as possible, he went to get some rest.  After emailing his paperwork, Plaintiff received a call from Mr. Balderas.  Mr. Balderas informed Plaintiff that Mr. Mike Jones no longer wanted him there at his location and his relief Carlos Diaz would be there shortly.  Further, Mr. Balderas stated Plaintiff should head back to Houston.

11.     Mr. Diaz arrived at the site after 1:30 p.m. which only left the Plaintiff 10 hours to get back to Houston before 12 midnight to be in compliance with the company policy not to be on the road past midnight.  Mr. Balderas called Plaintiff at about 5:15 p.m. asking him to be at the shop on Thursday morning August 18, 2011.  Plaintiff arrived at the shop and worked all day on Thursday.

12.     On Friday, August 19, 2011, Plaintiff worked in the shop and was called into the office by Mr. Balderas.  After Plaintiff arrived in Mr. Balderas office, he was greeted by Rhonda Harrison from human resource.  Mr. Balderas proceed to terminate Plaintiff claiming that he left the job site without his permission, took too long to make the repairs and he had made a mistake on his paperwork.  Plaintiff was in a no win situation because had he stayed longer he would have been written up again for not leaving after his relief came or written up for driving past

midnight.

13.     The above is just a portion of the impossible situation that Plaintiff endured to work and follow the company rules.   Because of his complaint regarding the hostile environment, Plaintiff was subjected to numerous write ups for small infractions that his white male co-workers were not written up for.   Further, Mr. Balderas made it difficult or if not impossible for Plaintiff to do anything right after he complained.

## RACE DISCRIMINATION

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     Defendant, TESCO Corporation, intentionally engaged in unlawful employment practices involving Plaintiff because of his race.

16.     Defendant, TESCO Corporation, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race in violation of 42 U.S.C. Section 2000e (2)(a).

17.     Defendant, TESCO Corporation, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

## RETALIATION BY TESCO CORPORATION

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     Plaintiff alleges that Defendant TESCO Corporation instituted a campaign of

retaliation which included frequent written reprimands based on false allegations or for very small infractions which went unnoticed for other co-worker. This retaliation was and is due to Plaintiff exercising his rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

## RESPONDEAT SUPERIOR AND RATIFICATION

20.     Whenever in this complaint it is alleged that the Defendant, TESCO Corporation, did any act or thing, it is meant that the Defendant's officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

## DAMAGES

21.     Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

a.     actual damages;

b.     All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

c.     Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

d.     All reasonable and necessary costs incurred in pursuit of this suit;

e.     Emotional pain;

f.     Expert fees as the Court deems appropriate;

g.     Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h.      Inconvenience; and

i.      Prejudgment interest.

## SPECIFIC RELIEF

21.     Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendant described hereinabove:

a.      Promote Plaintiff to the position and pay grade to which Plaintiff should have been promoted but for the unlawful employment actions of Defendant;

b.      Rehire Plaintiff; and

c.      Reinstate Plaintiff to the position and pay grade which Plaintiff held but for the unlawful employment actions of Defendant.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Von V. Carr, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
Allecia Pottinger
Attorney-in-Charge
Texas Bar No. 00793531
Southern District Bar No:  00793531
E-Mail:  allecia@alplawfirm.com
7500 San Felipe St., Suite 600
Houston, Texas 77063

Tel. (832) 567-4428
Fax. (832) 200-1997
Attorney for Plaintiff
Von V. Carr

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**